IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

KENNETH BROWN )
)
    Plaintiff, )
)
v. ) Case No. 09-0592-CV-W-HFS
)
)
TRUMAN MEDICAL CENTER )
)
    Defendant. )

**ORDER**

Before the court are two motions for default judgment filed by pro se plaintiff (docs. 25 and 30). Also before the court is defendant's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6). In his complaint, plaintiff asserts claims of sex and gender discrimination in violation of 42 U.S.C. § 2000(e)(5).

Discussion

Motion To Dismiss

"Dismissal is proper when the plaintiff's complaint fails to state a claim upon which relief can be granted." Hawks v. J.P. Morgan Chase Bank, 591 F.3d 1043, 1049 (8th Cir. 2010); quoting, Northstar Indus., Inc. v. Merrill Lynch & Co., 576 F.3d 827, 831-32 (8th Cir. 2009). Dismissal is not proper when "the factual allegations in a complaint, assumed true ... suffice to state a claim to relief that is plausible on its face." Northstar Indus., at 832; quoting, Bell Atlantic v. Twombly, 550 U.S. 544 (2007). The complaint is construed in favor of the nonmoving party. Hawks, at 1049.

Gender Discrimination

Title VII of the Civil Rights Act of 1964 makes it "an unlawful employment practice for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

The proof necessary for discrimination cases is flexible and varies with the specific facts of each case. Nava v. Titan Wheel Corp. of Wisconsin, 216 F.Supp.2d 882, 897 (N.D.Iowa 2002). However, the prima facie case to establish a gender employment discrimination claim based on disparate treatment generally requires that the plaintiff prove he is within the protected class, was qualified to do the job, suffered an adverse employment action, and that persons of the opposite sex were not treated the same. Id. In addition, where the plaintiff is a male, the prima facie case involves the additional step of showing that "background circumstances" support the suspicion that the defendant is "that unusual employer who discriminates against the majority." Id; quoting, Duffy v. Wolle, 123 F.3d 1026, 1028 (8th Cir. 1997).[1] Once a prima facie case is set forth, the defendant must articulate a legitimate, nondiscriminatory reason for its actions, which plaintiff must then rebut with evidence of pretext or discriminatory animus. Id, at 898.

In his complaint, plaintiff claimed that in August of 2007, defendant harassed him because of his sex and gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. (Complaint: pg. 3). According to plaintiff, during his work performance as an environmental services technician, he was required to hang curtains and move beds, while female co-workers in

---

[1] Male is member of historically favored group and hence does not belong to a protected class under Title VII, but may establish a prima facie case if he presents evidence of background circumstances that support an inference of reverse gender discrimination. Jones v. Bernanke, 493 F.Supp.2d 18 (D.D.C. 2007).

the same job classification were not required to perform these functions. (Exhibit to Complaint: ¶ 7). Plaintiff claims that this lead to a stressful, hostile, and intimidating work environment which caused him to be sick, resulting in frequent absenteeism, and culminating in the termination of his employment. (Plaintiff's Statement, doc. 34).

Not everything that makes an employee unhappy is an actionable adverse employment action for purposes of bringing a discrimination claim under Title VII; rather, an adverse employment action is exhibited by a material employment disadvantage, such as a change in salary, benefits, or responsibilities. Higgins v. Gonzales, 481 F.3d 578, 584 (8th Cir. 2007); see also, Kent v. Iowa, 651 F.Supp.2d 910, 937 (S.D.Iowa); Riggs v. County of Banner, 159 F.Supp.2d 1158 (D.Neb. 2001). Minor changes in duties or working conditions, even unpalatable or unwelcome ones, which cause no materially significant disadvantage do not satisfy the prong. Kent, at 937; Higgins, at 584. The Eighth Circuit has concluded that "[c]onduct that is merely rude, abrasive, unkind, or insensitive does not come within the scope of the law. Kent, at 937. The job duties plaintiff complains of performing are admittedly within the scope of his work responsibilities, and although his female colleagues may not perform these functions as frequently as he, this does not reach the level of an adverse employment action. Further, it did not have a materially adverse impact on the terms or conditions of his employment as it pertained to his salary, benefits, or responsibilities. Construing the complaint in favor of plaintiff, no evidence has been presented that would support the suspicion that the defendant is "that unusual employer who discriminates against the majority."

Plaintiff's claim is by no means frivolous, when accepted as alleged, but is not sufficient for further processing for somewhat subtle reasons. Giving the claim the most plausible version, it suggests that supervisors have asked male employees to perform certain "heavy duty" tasks, somewhat more physically demanding than the normal work. Such assignments cannot be attributed

to hostility toward male employees, absent further facts not present here, but more likely is based on stereotypes about men to the effect that they are generally stronger than women. Regardless of stereotypes, defendant must recognize that under the laws enacted in 1964 there are not categories of "mens' work" and "womens' work." Men should be assigned heavy duty work reserved for stronger employees only if they are in fact stronger than the average employee and the "heavy duty" work is also assigned to the stronger employees who may be women. Women are not excused from such work simply because they are women.

Even if defendant has been disregarding these principles in connection with moving beds, for example, the allegations do not, however, rise to the level of seriousness that will support a Federal employment discrimination case. For example, see Haugerud v. Amery School District, 259 F.3d 678 (7th Cir. 2001). In that case a woman custodian complained that women were assigned the duty of shoveling snow and cleaning bathrooms, while men were excused from such work, and were even instructed not to help the women custodians who were performing such tasks. 259 F.3d at 866-868. In response to the claim that plaintiff was given "additional responsibilities above what was expected of the male custodians" both the district judge and the appellate court concluded that there was no "material harm" imposed by the assignments and "no adverse employment action" such as would "make out a case of sex discrimination." Id. 691-2. As another panel the 7th Circuit later stated, the varied terms of employment "do not justify trundling out the heavy artillery of federal anti-discrimination law; otherwise ... serious complaints would be lost among the trivia." Herrnreiter v. Chicago Housing Authority, 315 F.3d 742, 745 (7th Cir. 2002).

On the other hand, the very same allegations asserted in Haugerud, along with other claims, were sufficient to establish a "sufficient level of pervasiveness to trigger liability" for sexual harassment based on " 'general hostility to the presence of women in the workplace.' " 259 F.3d at

694-696. That is suggested by simply requiring women to do unpleasant work, an indication of hostility. The allegations here are much more limited and do not suggest general hostility toward male employees. Thus the harassment claim, as spelled out by plaintiff, is insufficient here.[2]

In order to establish a hostile work environment claim, plaintiff must show that: (1) he was a member of a protected group; (2) he was subjected to unwelcome gender-based harassment; (3) the harassment was because of his gender; and (4) the harassment affected a term, condition, or privilege of his employment. Gill v. Conagra Poultry Co., 2008 WL 4446606 *6 (W.D.Ark.). Elmahdi v. Marriott Hotel Services, Inc., 339 F.3d 645 (8th Cir. 2003). Harassment which is severe and pervasive is deemed to affect a term, condition, or privilege of employment. Id., at 652. The conduct must be severe "as it would be viewed objectively by a reasonable person and as it was actually viewed subjectively by the victim." Id. Merely feeling offended, however, does nor sufficiently affect the conditions of employment to support a claim. Id., at 653. In determining whether sufficient evidence of a hostile work environment claim has been presented, courts consider all the attendant circumstances, including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance. Id., at 652-53. To satisfy the high threshold of actionable harm, the employee must show that his workplace was permeated with discriminatory intimidation, ridicule and insult. Id., at 653. Here, the complained of conduct when viewed by an objectively reasonable person does not rise to the level necessary to show that it

---

[2] Presumably this lecture on the law will suffice to prevent work assignments based on stereotypes about male strength, and further assignments will be based on rough evaluations of strength, regardless of gender.

unreasonably interfered with plaintiff's work performance.[3]

Accordingly, it is hereby

ORDERED that plaintiff's motions for default judgment (ECF docs. 25 and 30) are DENIED. It is further

ORDERED that defendant's motion to dismiss (ECF doc. 32) is GRANTED. It is further

ORDERED that the clerk of the court mail a copy of this order by regular mail, and certified mail, return receipt to plaintiff at:

P.O. Box 1996

Independence, Mo. 64055

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

December  14 , 2010

Kansas City, Missouri

---

[3] To the extent plaintiff infers that his work environment was so intolerable that he became sick and missed days from leading to the termination of his employment, no evidence has been presented showing that a reasonable person in his situation would have found these working conditions intolerable. O'Brien v. Department of Agriculture, 532 F.3d 805, 811 (8th Cir. 2008). Therefore, any claim for constructive discharge would also fail. Id.